Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Markus Williams Young & Hunsicker LLC
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
bhunsicker@MarkusWilliams.com

PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION
MOUNTAIN STATES ROSEN, LLC

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 20-20111 |
| MOUNTAIN STATES ROSEN, LLC ) | |
| ) | Chapter 11 |
| ) | |
| ) | |
| Debtor in Possession. ) | |

**MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND SETTING FINAL HEARING**

Mountain States Rosen, LLC, a Wyoming limited liability company, debtor-in-possession herein (the "Debtor"), through its undersigned proposed counsel, hereby requests entry of an interim order authorizing the use of cash collateral pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and 9014 and setting a final hearing on Debtor's use of cash collateral in this case.

In support of this Motion, the Debtor relies upon the First Day Affidavit of Brad Graham in support of the Debtor's first day motions (the "**First Day Affidavit**"), which

{Z0309489/1}                                             1

is incorporated herein by reference. In further support of the Motion, the Debtor states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Wyoming (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and 9014.[1]

## FACTUAL BACKGROUND

4. On March 18, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in this Court.

5. The Debtor continues to operate its businesses as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. As of the date of this Motion, the United States Trustee has not appointed any official committees in this case, and no request has been made for the appointment of a trustee or examiner.

6. A description of the Debtor's business, the reasons for filing this chapter 11 case and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the First Day Affidavit, which the Debtor

---

[1] Unless otherwise specified, all references herein to "Section," "§," "Bankruptcy Code" and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

hereby adopts and incorporates such description as if fully set forth herein.

7. The Debtor is a premium lamb processing, harvesting, and fabricating company located in Greeley, Colorado. Debtor employs approximately 250 people with a variety of backgrounds and diverse talents. Debtor obtains the majority of its livestock through a key strategic business relationship with the Mountain States Lamb & Wool Cooperative (the "Co-op"). The Co-op has over 150 members from third, fourth, and fifth generation ranching families throughout the country.

8. Debtor's lamb fabrication facility is located at 920 7th Ave. Greeley, Colorado 80634 (the "Greeley Facility"). Substantially all the Debtor's other assets are meat harvesting, fabricating, and packing equipment located at the Greeley Facility.

9. The Debtor's revenue derives from the sale of its premium lamb products, which are harvested and fabricated at the Greeley Facility.

10. The Debtor's revenue is used to pay for such expenses as payroll, lamb purchases, fabrication and harvesting staff, harvesting, packaging, transportation costs, administrative staff, SG & A, taxes, and utilities.

11. CoBank has a security interest in Debtor's assets, including cash, accounts, receivables, inventory and proceeds generated from the Debtor's operation (collectively, "Cash Collateral").

## RELIEF REQUESTED

12. By this Motion, the Debtor seeks immediate entry of an Interim Order, in the form attached hereto as **Exhibit 1** (i) authorizing the use of Cash Collateral as

defined in § 363(a), (ii) scheduling a final hearing (the "Final Hearing") on the Motion to consider entry of the Final Order (to be submitted prior to the Final Hearing); and, (iii) providing for adequate protection for the use of Cash Collateral.

**BASIS FOR RELIEF REQUESTED**

13. The Debtor intends to continue its business operations during this chapter 11 case and propose a plan of reorganization providing for the continuation of the Debtor's business operations. Alternatively, the Debtor may seek a sale of operation, including the Greeley Facility, as a going concern. In order to continue the Debtor's business operations, maximize the value of the Debtor's business as a going concern, and ensure the fullest possible return to creditors, the Debtor must immediately use the Cash Collateral in which one or more creditors may assert an interest. Without the use of the Cash Collateral, the Debtor will have insufficient funding for business operations, and the Debtor will not be able to pay employees, rent, utilities, supplies and other costs associated with Debtor's business operation.

14. The Debtor needs the Cash Collateral to pay operating expenses associated with its business operations, all in accordance with the Budget (as defined below). Indeed, absent such relief, the Debtor's business will be brought to an immediate halt, with damaging consequences for the Debtor and its estate and creditors. The Debtor's use of Cash Collateral is critical to preserve the value of its assets and property during the Chapter 11 case and will avoid immediate and irreparable harm to the Debtor's estate and creditors. The Debtor's use of Cash Collateral during the interim

period is necessary to avoid immediate and irreparable harm to the estate. Therefore, the Debtor proposes to use Cash Collateral on an interim basis until such time as the Court schedules a final hearing on the use of Cash Collateral. At the final hearing, the Debtor will seek relief to use Cash Collateral during the term of this chapter 11 case.

15. A debtor's use of property of the estate, including cash collateral, is governed by § 363. Pursuant to § 363(c)(2), a debtor may only use cash collateral subject to the consent of all entities that have an interest in the cash collateral or the grant of adequate protection. 11 U.S.C. § 363(c)(2). Section 363(e) provides that upon request of an entity that has an interest in property to be used by a debtor, the court shall prohibit or condition such use as is necessary to provide adequate protection of such interest. 11 U.S.C. § 363(e).

16. Generally, what constitutes adequate protection is decided on a case-by-case basis. *In re DB Capital Holdings, LLC*, 454 B.R. 804, 822 (Bankr. D. Colo. 2011) (*citing In re Becker Indus.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986)) (the application of adequate protection "is left to the vagaries of each case, but its focus is protection of the secured creditor from diminution in the value of its collateral during the reorganization process"); *see also In re Columbia Gas Sys., Inc.*, 1992 WL 79323, at *2 (Bankr. D. Del. Feb. 18, 1992); *In re Mosello*, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996).

17. To provide adequate protection for the Debtor's use of Cash Collateral to secured creditors, the Debtor proposes adequate protection for CoBank's interest in the

Cash Collateral. In particular, the Debtor will provide CoBank with a post-petition lien on all post-petition cash, accounts receivable, inventory and income derived from the Debtor's assets and the operation of the Debtor's business, to the extent the use of such cash collateral results in a decrease in the value of the creditor's interest pursuant to § 361(2). All replacement liens will hold the same relative validity and priority in the Debtor's assets and Cash Collateral as did the pre-petition liens. The replacement lien on cash receipts and collections that will remain under the borrowing base as set forth in the documents governing the loan relationship between Debtor and CoBank.

18. The terms and conditions on which the Debtor may use Cash Collateral have been carefully designed to meet the dual goals of §§ 361 and 363. If the Interim Order is entered, the Debtor will have ample working capital to operate its business and provide an opportunity to maximize value for the benefit of its stakeholders. At the same time, consistent with the purposes underlying the provision of adequate protection, the proposed Interim Order provides CoBank with adequate protection (as set forth in detail above) to protect it from any diminution in value during this chapter 11 case.

19. The Debtor has prepared a budget showing sources and uses of cash necessary for the Debtor's operations on a weekly basis during the first four (4) months of this Chapter 11 case (as such budget may be modified from time to time by the Debtor, the "__Budget__"), a copy of which is attached hereto as **Exhibit 2**. Specifically, the Budget shows the Debtor's forecasted receipts and disbursements during the first four (4) months as shown on **Exhibit 2**. ("the "__Budget Period__"). As set forth in the Budget,

{Z0309489/1}    6

the Debtor intends to use Cash Collateral for, among other things, critical, necessary ongoing operational expenses, insurance, employee payroll and payroll expenses, professional services, supplies, maintenance and repairs, taxes, and utilities, and administrative costs and expenses of the Debtor incurred in the Chapter 11 case.

20.     The Debtor will adhere to the Budget during the Budget Period, subject to its ability to: (i) carry over any amounts not expended for monthly budgeted items not paid through any subsequent month within a six-week period thereafter, (ii) expend up to 10% more than the budgeted amount (plus any permitted Carry Forward) for a specific month in such month so long as the aggregate expenditures during the Budget Period do not exceed the total shown on the Budget for such interim period by more than 10%, and (iii) pay amounts incurred from and after the Petition Date, in addition to or for categories not listed in the Budget with the prior written consent of CoBank.

### REQUEST FOR EXPEDITED HEARING
### PURSUANT TO FED. R. BANKR. P. 4001(b)(2)

21.     Bankruptcy Rule 4001(b) provides that a final hearing on a motion for authorization to use Cash Collateral may not be commenced earlier than fourteen (14) days after the service of such motion.  Upon request, however, a bankruptcy court is empowered to conduct a preliminary expedited hearing on the motion and authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to the Debtor's estate. *See* Fed. R. Bankr. P. 4001(b)(2).  Section 363(c)(3) authorizes the court to conduct a preliminary hearing and to authorize the use of cash collateral "if there is a reasonable likelihood that the [debtor] will prevail at the final hearing under

[§ 363(e)]." 11 U.S.C. § 363(c)(3).

22. In this case, immediate and irreparable harm would result if the relief requested in the motion is not granted on an interim basis. Absent use of the Cash Collateral, the Debtor will simply be unable continue the orderly operation of its business. As such, use of the Cash Collateral, is necessary to the Debtor's ability to preserve and maintain its going-concern value for the benefit of all parties in interest. Failure to grant the relief requested herein on an interim basis would result in immediate and irreparable harm to the Debtor's estate.

23. Based on the foregoing, the Debtor respectfully submits that it has satisfied the requirements of Fed. R. Bankr. P. 4001(b)(2) to support an expedited preliminary hearing and immediate cash collateral availability on an interim basis. Accordingly, the Debtor seeks immediate authority to use Cash Collateral, pursuant to the terms and conditions in the Interim Order to prevent immediate and irreparable harm to the Debtor's estate pending the Final Hearing pursuant to Bankruptcy Rule 4001(b).

## WAIVER OF BANKRUPTCY RULE 6004(H)

24. Fed. R. Bankr. P. 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtor seeks in this motion is necessary for the Debtor to operate without interruption and to preserve value for its estate. Accordingly, the Debtor respectfully requests that the Court waive the fourteen day stay

imposed by Fed. R. Bankr. P. 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## RESERVATION OF RIGHTS

25. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code Section 365; or (e) otherwise affect the Debtor's rights under Bankruptcy Code Section 365 to assume or reject any executory contract with any party subject to this Motion.

26. The Debtor believes CoBank and other secured creditors may assert a post-petition lien on Cash Collateral under § 552(b). The Debtor expressly reserves the right to challenge any claims by secured creditors to post-petition liens on the Debtor's assets, including the Cash Collateral subject to this motion.

## CONCLUSION

The Debtor respectfully requests that the Court (a) enter an order, substantially in the form attached hereto, granting the relief requested in this motion on an interim basis, (b) schedule a final hearing on this motion within thirty-five (35) days or as soon as is otherwise practicable to consider entry of a final order, and (c) grant such other and further relief as may be just and proper.

Dated: March 23, 2020

MARKUS WILLIAMS YOUNG &

{Z0309489/1}    9

        HUNSICKER LLC

        *s/ Bradley T. Hunsicker*
        Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
        Markus Williams Young & Hunsicker LLC
        106 East Lincolnway, Suite 300
        Cheyenne, WY 82001
        Telephone: (307) 778-8178
        Facsimile: (307) 638-1975
        bhunsicker@MarkusWilliams.com

        *Proposed Counsel for the Debtor and Debtor-in-Possession Mountain States Rosen, LLC*