Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Markus Williams Young & Hunsicker LLC
106 East Lincolnway, Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (307) 638-1975
bhunsicker@MarkusWilliams.com

COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION
MOUNTAIN STATES ROSEN, LLC

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | Case No. 20-20111 |
| MOUNTAIN STATES ROSEN, LLC ) | |
| ) | Chapter 11 |
| ) | |
| ) | |
| Debtor in Possession. ) | |

## MOTION TO OBTAIN POST-PETITION UNSECURED CREDIT UNDER THE CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT PAYCHECK PROTECTION PROGRAM AND NOTICE OF OPPORTUNITY TO OBJECT

Mountain States Rosen, LLC ("Debtor"), debtor-in-possession herein, by and through its undersigned proposed counsel, hereby submits its *Motion to Obtain Post-Petition Unsecured Credit Under the Coronavirus Aid, Relief, and Economic Security Act Paycheck Protection Program* (the "**Motion**") pursuant to the Coronavirus Aid, Relief, and Economic Security Act, Public Law 116-136 (March 27, 2020), 134 Stat. 281, 11 U.S.C.

{Z0312428/1}    1

§ 364, and Federal Rule of Bankruptcy Procedure 4001(c). In support of this Motion, the Debtor states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Wyoming (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(D).

2. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

3. The statutory basis for the relief requested herein is 11 U.S.C. § 364(b), Coronavirus Aid, Relief, and Economic Security Act, Public Law 116-136 (March 27, 2020), 134 Stat. 281, and Federal Rule of Bankruptcy Procedure 4001(c).

## BACKGROUND

4. On March 19, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor continues to manage its business as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. A committee has been appointed in the case.

6. A description of the Debtor's business and the reasons for filing this chapter 11 case is set forth in the First Day Affidavit [Doc. 12], which the Debtor hereby adopts and incorporates such description as if fully set forth herein.

7. On April 3, 2020, the United States Trustee appointed an official committee of unsecured creditors (the "Committee") in this case to represent the interests of unsecured creditors. [Doc. 38.] Additional members were added a few days later. [Doc. 41.]

8. On March 27, 2020, the United States Congress approved the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") to provide financial assistance to individuals and businesses. CARES Act, Public Law 116-136. Title I of the CARES Act (the "Keeping Workers Paid and Employed Act") includes several provisions intended to help small business suffering the adverse economic effects of the coronavirus ("COVID-19"). *See* CARES Act, Public Law 116-136, Title I. Among those is the establishment of a new loan program called the "Paycheck Protection Program" ("PPP") and the allocation of $349 billion for the making of PPP loans. *See* CARES Act, Public Law 116-136, Title I, Sec. 1102. The PPP will be implemented by the United States Department of Treasury and the Small Business Administration (the "SBA"). *Id.* For eligible borrowers, a portion, and potentially all, of the amount of funds borrowed under this program may be forgiven without payment. *See* CARES Act, Public Law 116-136, Title I, Sec. 1106.

9. The PPP allows borrowers to obtain a loan for an amount up to 2.5 times the business' average monthly payroll expense. *See* CARES Act, Public Law 116-136, Title I, Sec. 1102. Debtor currently employs approximately 250 people.

10. As of the date of this Motion, Debtor has submitted an application to Converse County Bank to obtain an unsecured PPP loan in the amount of $3,595,000, which application was approved and funded on April 17, 2020.

11. According to the SBA, the terms of the PPP loan would be as follows:

- The loan will be fully forgiven if the funds are used for payroll costs, interest on mortgages, rent, and utilities (due to likely high subscription, at least 75% of the forgiven amount must have been used for payroll). Forgiveness is based on the employer maintaining or quickly rehiring employees and maintaining salary levels. Forgiveness will be reduced if full-time headcount declines, or if salaries and wages decrease.

- Loan payments will also be deferred for six months.

- No collateral or personal guarantees are required.

- The term of the loan is 2 years.

- The interest rate is 1%.

- Neither the government nor lenders will charge small businesses any fees.

*See* U.S. Small Business Administration, Paycheck Protection Program, available at https://www.sba.gov/funding-programs/loans/coronavirus-relief-options/paycheck-protection-program-ppp.

{Z0312428/1}   4

12. Further, repayment of the PPP loan would be deferred for 6 months to one year. Title I, Sec. 1102 (to be incorporated into 15 U.S.C. § 636 as new section (36)(M)(ii)(II)).

13. A copy of the Note memorializing the terms of the PPP Loan to the Debtor is attached hereto and incorporated herein as **Exhibit 1**.

## RELIEF REQUESTED

14. Debtor seeks authority pursuant to §364(b) of the Bankruptcy Code to obtain unsecured credit in the amount of $3,595,000 under the PPP implemented by the SBA, through Converse Bank.

15. Since the PPP loan is a unique opportunity in the midst of the Covid-19 pandemic, which has never before been offered by the federal government, Debtor seeks authority for the funding outside the ordinary course of business. However, Debtor intends to use the proceeds of the loan to pay expenses which will be incurred in the ordinary course of its business and its chapter 11 case.

16. A court authorization of credit under §364(b) establishes a safe haven for a prospective lender to receive assurance of an administrative priority. *In re Reilly*, 542 B.R. 317, 320-21 (Bankr. W.D.N.Y. 2015). Section 364(b) allows a court to authorize a debtor to incur unsecured debt other than in the ordinary course of business if the debt would be allowable under § 503(b)(1). 11 U.S.C. §364(b); *In re Club Development & Management*

*Corp.*, 27 B.R. 610, 611 (9th Cir. 1982). Section 503(b)(1) allows as an administrative expense the actual, necessary costs and expenses of preserving the estate. 11 U.S.C. §503(b)(1). A debt will be afforded an administrative priority under §503(b)(1) if it (a) arises from a transaction with the debtor in possession and (b) is beneficial to the operation of the debtor in possession's business. *Matter of Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984).

17. The PPP loan would be a transaction with Debtor, as Debtor would be the borrower and it would benefit the operation of Debtor's business because the proceeds of the loan will be used to pay Debtor's operating expenses, including payroll, rent, and other costs.

18. The main purpose of the PPP is to fund a borrower's payroll expenses. Debtor intends to primarily use the proceeds of the PPP loan to fund its payroll and related expenses. If Debtor continues to employ its current employees, the PPP allows for the portion of the loan used to pay those employees and related benefits and certain other operating expenses to be forgiven.

19. Payment of wages, salaries, commissions and related benefits for services rendered after the commencement of a bankruptcy case is an explicitly approved actual and necessary expense, pursuant to the plain language of §503(b)(1)(A)(i). *See* 11 U.S.C. §503(b)(1)(A)(i).

20. Further, the PPP loan will benefit all of the creditors of the estate because:

- The loan will be forgiven if used for payroll and related expenses and benefits as well as utilities and certain other operating expenses, which inures to the benefit of all parties in interest

- Debtor will be incurring the payroll expenses with or without the loan, so it can only have a net positive effect on the estate by infusing more cash;

- It would offset any additional expenses and costs Debtor has incurred, and any reduced sales or income, as a result of the pandemic;

- It would provide financing to pay Debtor's payroll and related expenses, freeing more of Debtor's cash flow to pay other operational expenses, including professional and other administrative priority expenses and inventory so it can expand its sales, or to fund a plan of reorganization; and

- The terms of the loan are more favorable than Debtor could obtain without the government intervention- 1% interest and unsecured.

21. Since payments on the PPP loan will be deferred until at least 6 months after funding, it will only positively affect Debtor's cash flow in this case. The loan will be repaid in the ordinary course of Debtor's business, in accordance with the terms of the loan, to the extent it is not entirely forgiven.

22. Because this PPP lending process moved very quickly, the requested loan has already been approved and funded. Further, as set out in the Interim Cash Collateral Order entered on April 15, 2020 [Doc. 55], the proceeds of the approved loan are to be

used ahead of cash collateral to fund operating expenses and the Debtor requests that approval of the PPP loan be effective as of the date of this Motion.

## CONCLUSION

**WHEREFORE**, Debtor asks the Court to enter an order (i) authorizing it to obtain post-petition financing pursuant to 11 U.S.C. §364(b) through the Paycheck Protection Program of the Coronavirus Aid, Relief, and Economic Security Act, Public Law 116-136 (March 27, 2020) and (ii) granting such other and further relief as the Court deems just and proper.

Dated: April 20, 2020

        Markus Williams Young & Hunsicker LLC

        By: /s/ *Bradley T. Hunsicker*
        Bradley T. Hunsicker (WY Bar No 7-4579)
        106 East Lincolnway, Suite 300
        Cheyenne, WY 82001
        Telephone: 307-778-8178
        Facsimile: 307-638-1975
        Email: bhunsicker@markuswilliams.com

## **NOTICE OF TIME TO OBJECT**

**YOU ARE HEREBY NOTIFIED** that if you desire to oppose this motion, you are required to file with this court and serve on Bradley T. Hunsicker, attorney for the movant, whose address is shown above, a written objection to the motion on or before May 11, 2020, or the relief requested may be granted by the Court.

MARKUS WILLIAMS YOUNG & HUNSICKER LLC

*/s/ Bradley T. Hunsicker*
Bradley T. Hunsicker (7-4579)
Markus Williams Young & Hunsicker LLC
106 East Lincolnway Suite 300
Cheyenne, WY 82001
Telephone: (307) 778-8178

{Z0312428/1}                           9