Isaac N. Sutphin (Wyo. State Bar #6-3711)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone:  307.778.4200
Fax:  307.778.8175
insutphin@hollandhart.com

ATTORNEYS FOR CREDITOR MPSC, INC.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| In re: | ) | |
| --- | --- | --- |
| | ) | Case No. 20-20111 |
| MOUNTAIN STATES ROSEN, LLC, | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor in Possession. | ) | |

**MPSC, INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY OR IN THE ALTERNATIVE TO COMPEL REJECTION OF CONTRACT AND NOTICE OF TIME TO OBJECT**

MPSC, Inc. ("MPSC"), a creditor and party-in-interest in the above-captioned case, for this motion for relief from the automatic stay to exercise rights under, or in the alternative to compel rejection of, a confidential agreement between MPSC and Mountain States Rosen, LLC ("Debtor"), hereby respectfully states to the Court as follows:

**JURISDICTION AND VENUE**

1. On March 19, 2019 ("Petition Date"), the Debtor filed its Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. The Debtor continues to operate its business as a debtor-in-possession pursuant to 11 U.S.C. § 1107(a) and 1108.

3. This Court has jurisdiction to hear and determine this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(D).

## BACKGROUND

4. MPSC is a creditor in this case. MPSC is the owner or licensee of patents, patents pending, technology, formulas, confidential processing methods, and other confidential information, trade secrets, trade names and proprietary equipment utilized in improving meat quality and hygiene of meat, meat by-products and meat related products.

5. MPSC and the Debtor are parties to a confidential agreement dated June 20, 2017 ("Agreement") whereby MPSC granted to the Debtor a non-exclusive license to use certain of MPSC's intellectual property and intellectual property processes, techniques, and technologies in one of the Debtor's plants, as described in the Agreement.[1] As part of the Agreement, in order for the Debtor to use the intellectual property and the processes, techniques, and technologies, MPSC permitted the Debtor to use what is referred to as an apparatus, which consists of certain proprietary equipment, and related proprietary parts, supplies, solutions, and other items (all of which, together with the intellectual property and the processes, techniques, and technologies are referred to herein as "MPSC's Property"), and all of which are owned solely by MPSC.

6. Under the Agreement, legal and equitable title in MPSC's Property remains solely in MPSC. Further, under the Agreement, the Debtor must keep all of MPSC's Property free from all claims, demands, liens, security interests (other than in favor of MPSC) or other encumbrances. The Agreement is confidential and contains confidential proprietary information. Limited excerpts of the Agreement are attached as **Exhibit A** to the Affidavit of Warner Ide.

---

[1] The Debtor and MPSC are also parties to a separate Confidentiality and Nondisclosure Agreement ("Confidentiality Agreement") dated November 29, 2016, which is nonexecutory not subject to rejection.

7.   The Debtor is in default of its obligations to pay for services under the Agreement. As of the Petition Date, the amount owed by the Debtor to MPSC under the Agreement is approximately $33,505.30.

8.   The Debtor told MPSC that it no longer intends to use the apparatus or any of MPSC's Property in the Debtor's business and does not object to MPSC recovering the MPSC Property.

9.   MPSC owns the MPSC Property. The Debtor does not own the MPSC Property. As such, the estate has no ownership interest in or claim to the MPSC Property and therefore cannot have any equity in the MPSC Property.  Thus, the MPSC Property is not part of the estate and has no value to the estate. As such, the requirement in General Order 15-03 that a motion contain the value of collateral is not applicable here. In any event, because the Debtor has no ownership interest in the MPSC Property, any value to the estate is $0, whereas the value of the MPSC Property to its owner, MPSC, is confidential.

10.   Moreover, the Agreement has no value to the estate because 11 U.S.C. § 365(c)(1)(A) precludes the assumption or assignment of an executory contract or lease if applicable nonbankruptcy law would excuse the other party "from accepting performance from or rendering performance to an entity other than the debtor or debtor in possession." Under applicable federal law, non-exclusive intellectual property agreements licenses are personal and not assignable. *See, e.g., In re CFLC, Inc*., 89 F.3d 673, 679 (9th Cir. 1996) ("Because federal law governs the assignability of nonexclusive patent licenses, and because federal law makes such licenses personal and assignable only with the consent of the licensor, the . . . license is not assumable and assignable in bankruptcy under 11 U.S.C. §  365(c).) The Agreement also provides that certain provisions survive termination of the Agreement, including without limitation the

confidentiality provisions of the Agreement.  See Ex. A to Warner Affidavit.

11.  This Motion is supported by the Affidavit of John Warner Ide ("Warner Affidavit"), Chief Executive Officer of MPSC.

### RELIEF REQUESTED

12.  MPSC seeks relief from the automatic stay to exercise its rights and remedies under the Agreement, including to terminate the Agreement and take possession of the MPSC Property.

13.  Pursuant to 11 U.S.C. § 362(d), "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of [§ 362], such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause . . . ."  The term "cause" in Section 362 is not defined in the Bankruptcy Code.  *See, e.g., Schneiderman v. Bogdanovich (In re Bogdanovich),* 292 F.3d 104, 110 (2d Cir. 2002).  Whether cause exists to lift the stay must be decided on a case-by-case basis.  *Murray Industries, Inc. v. Aristech Chemical Corporation*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990).  Courts have defined cause generally as "any reason whereby a creditor is receiving less than his bargain from a debtor and is without a remedy because of the bankruptcy proceeding." *In re Martens*, 331 B.R. 395, 398 (8th Cir. B.A.P. 2005) (quoting *In re Food Barn Stores, Inc.,* 159 B.R. 264, 266 (Bankr.W.D.Mo.1993)).

14.  "Cause" exists to modify the automatic stay to permit MPSC to exercise its remedies due to the Debtor's non-payment under the Agreement and Debtor's intent to no longer use MPSC's processes and MPSC's Property in its business operations. Additionally, as the Debtor does not intend to use the MPSC Property, MPSC has an immediate need to possess the MPSC Property to ensure that the MPSC Property is both physically protected and preserved and that the confidentiality of MPSC's processes, techniques, and technologies are protected.  Accordingly, MPSC is entitled to relief from the automatic stay pursuant to the terms of 11 U.S.C. § 362 (d)(1).

15. Additionally, pursuant to 11 U.S.C. § 362(d)(2), relief from the stay is appropriate when a debtor has no equity and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). The Debtor does not own the MPSC Property, so it does not have equity in it. In addition, the MPSC Property is not necessary to an effective reorganization because the Debtor does not intend to use the MPSC Property in its operations. Accordingly, MPSC is entitled to relief from the automatic stay pursuant to the terms of 11 U.S.C. § 362 (d)(2).

16. Given the nature of the relief requested and the facts set forth above, MPSC submits that it is necessary and appropriate that the 14-day stay of Bankruptcy Rule 4001(a)(3) be waived by the Court.

17. In the alternative to relief from stay, MPSC moves to compel the Debtor to reject the Agreement. The Agreement is an "executory contract" for purposes of 11 U.S.C. § 365, because both the Debtor and MPSC has continuing material obligations under the agreements. See, e.g., In re Sunterra Corp., 361 F.3d 257, 264 (4th Cir. 2003) (holding software license agreement was "executory contract," because parties had "ongoing obligation to maintain the confidentiality of the source code of the software").

18. MPSC requests that the Court compel the Debtor to reject the Agreement, because it provides no further benefit to the Debtor's estate, because the Debtor has stated it no longer intends to use the apparatus or any of MPSC's Property in the Debtor's business. Section 365(d)(2) authorizes a counterparty to an executory contract to request that the court "order the [debtor] to determine within a specified period of time whether to assume or reject such contract." 11 U.S.C. § 365(d)(2). Also, even if the Debtor did intend to assume and assign the Agreement, section 365(c)(1) prevents it from doing so.

19.     Finally, given the nature of the relief requested and the facts set forth in this Motion, MPSC requests that the Court set the matter for expedited hearing immediately following expiration of the 17-day deadline for filing objections to this Motion. The Debtor informed MPSC that the Debtor no longer intends to use MPSC's Property in the Debtor's business, and the Debtor desires to return the MPSC Property. Under the Agreement, the Debtor has obligations with respect to the MPSC Property including, without limitation operation requirements such as maintaining a restricted access storage area for certain of the MPSC Property and ensuring that each person allowed access to MPSC's Property sign a confidentiality agreement provided by MPSC. See Ex. A to Warner Affidavit. MPSC has an immediate need to possess the MPSC Property to ensure that the MPSC Property is both physically protected and preserved and that the confidentiality and proprietary nature of MPSC's processes, techniques, and technologies and the MPSC Property are protected and preserved.

20.     Counsel for MPSC conferred with Bradley Hunsicker, counsel for the Debtor, regarding the basis for the Motion for Relief and Debtor does not oppose this this motion for relief from the automatic stay.

WHEREFORE, MPSC respectfully requests (i) that MPSC be granted relief from the automatic stay provisions of 11 U.S.C. § 362 and that the Court modify the automatic stay of 11 U.S.C. § 362(a) to the extent necessary to permit MPSC to exercise its rights and remedies under the Agreement, including to terminate the Agreement and recover the MPSC Property, as set forth above, and that the Court waive the provisions of Fed. R. Bankr. P. 4001(a)(3), (ii) in alternative, that the Court compel the Debtor to reject the Agreement and order that MPSC is entitled to recover the MPSC Property, and (iii) that the Court grant such other or further relief as the Court deems just, equitable and proper.

**NOTICE OF TIME TO OBJECT**

**OBJECTION DEADLINE: May 11, 2020**

YOU ARE HEREBY NOTIFIED that if you desire to oppose this motion, you are required to file with this Court and serve on Isaac N. Sutphin, attorneys for the movant, whose address is shown above, a written objection to the motion on or before May 11, 2020, or the relief requested may be granted by the Court.

Dated April 24, 2020               Respectfully submitted,

*/s/ Isaac N. Sutphin*
Isaac N. Sutphin (Wyo. State Bar #6-3711)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile:  307.778.8175
insutphin@hollandhart.com

ATTORNEYS FOR CREDITOR MPSC, INC.

## CERTIFICATE OF SERVICE

I certify that on April 24, 2020, a true and correct copy of the foregoing **MPSC, INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY** OR IN THE ALTERNATIVE TO COMPEL REJECTION OF CONTRACT **AND NOTICE OF TIME TO OBJECT** was served, as follows:

**ELECTRONIC MAIL NOTICE LIST:**

- Kyle Hosmer - kyle.hosmer@faegredrinker.com; dorothy.bailey@faegredrinker.com
- Bradley T Hunsicker - bhunsicker@markuswilliams.com; sschaefer@markuswilliams.com; docket@markuswilliams.com
- James T. Markus – jmarkus@markuswilliams.com; sschaefer@markuswilliams.com
- Travis Jordan – travis.jordan@faegredrinker.com; candee.smith@faegredrinker.com
- Daniel J. Morse – daniel.j.morse@usdoj.gov
- US Trustee – USTPRegion19.cy.ecf@usdoj.gov
- Weld County Treasurer – lseitz@weldgov.com
- Bradford E. Dempsey – brad.dempsey@faegredrinker.com; susan.haag@faegredrinker.com; dorothy.bailey@faegredrinker.com
- Michael R. Stewart – Michael.stewart@faegredrinker.com
- Kyle Hosmer – kyle.hosmer@faegredrinker.com; dorothy.bailey@faegredrinker.com
- James T. Markus – jmarkus@markuswilliams.com
- Sara J. Geenen – sjg@previant.com
- Timothy L. Woznick - twoznick@crowleyfleck.com
- Terry W. Connolly terry@pattondavison.com; frederick.cruz@tuckerellis.com; brian.jackiw@tuckerellis.com; thomas.fawkes@tuckerellis.com

**U.S. MAIL:**

Mountain States Rosen LLC
920 7th Ave.
Greeley, CO 80634

CoBank, ACB
6340 South Fiddlers Green Circle
Greenwood Village, CO 80111

**UNSECURED CREDITORS COMMITTEE:**

Colorado Atlantic Express, LLC
Attn: Tom McCarthy
6600 Smith Road
Denver, CO 80207

Reliable Transportation Services LLC
Attn: Lucas Brown
642 East State St.
Georgetown, OH 45121

JBS USA Food Company and its affiliate Swift Beef Company
Attn: Kim Pryor
1770 Promontory Circle
Greeley, CO 80634

UFCW Local 174 Pension Fund
Attn: Larry Magarik, Trustee
80 Eighth Ave, Suite 901
NY, NY 10011

International Paper Company
Attn: Ana Hernandez
1740 International Drive
Memphis, TN 38197

                                              */s/ Isaac N. Sutphin*
                                              Isaac N. Sutphin

14493624_v5